IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY BOOMER,                     :
                                   :
          Petitioner               :     CIVIL NO. 3:CV-15-2049
                                   :
     v.                            :     (Judge Conaboy)     **FILED**
                                   :                         **SCRANTON**
UNITED STATES OF AMERICA,          :
                                   :                         NOV 0 4 2015
          Respondent               :

------------------------------------------------------------------

**MEMORANDUM**                                    PER _____
**Background**                                    DEPUTY CLERK

     This pro se petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 was filed by Rodney Boomer, an inmate presently

confined at the United States Penitentiary, Lewisburg,

Pennsylvania (USP-Lewisburg).  Named as Respondent is the United

States of America.[1]  Petitioner's request (Doc. 3) for leave to

proceed in forma pauperis will be granted for the sole purpose

of the filing of his action with this Court.

     Petitioner pled guilty to conspiracy to distribute and

possess with intent to distribute in excess of five grams of

cocaine base (crack), marijuana, and heroin in this district.

See United States v. Boomer, Case 3:06-CR-59 (M.D. Pa.) (Kosik,

J.).  He was sentenced on October 20, 2008 to a 211 month term

of imprisonment.  According to the docket of his criminal case,

--------------------------------------------------------

     [1] The only properly named Respondent in a federal habeas
corpus action is Petitioner's custodial official, in this case the
Warden at USP-Lewisburg.  See 28 U.S.C. § 2242.

1

Boomer's plea and sentence were affirmed by the United States Court of Appeals for the Third Circuit.

Petitioner states that he sought collateral relief via a pro se motion pursuant to 28 U.S.C. § 2255 The Petition acknowledges that Boomer' § 2255 motion was denied by the district court and thereafter by the Third Circuit Court of Appeals on April 18, 2013. See id. at ¶ 10. His § 2255 action asserted claims of ineffective assistance of counsel and newly discovered evidence. Boomer further acknowledges that he filed a request for leave to file a second or successive petition which was also denied by the Court of Appeals. See id.

Boomer generally claims entitlement to federal habeas corpus relief on the grounds that the Middle District of Pennsylvania "lacked jurisdiction to convict Petitioner for federal drug conspiracy that never occurred at no time or date." Doc. 1, ¶ 5. Petitioner adds that his due process rights were violated because he was not provided with a bill of particulars, grand jury transcripts, or any discovery. See id. at ¶. 13. As relief, Petitioner requests that his conviction and sentence be dismissed and he be released from confinement See id. at ¶ 15.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing

2

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  <u>Gorko v. Holt</u>, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 920 (1993).  Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the

fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

In the present case, Petitioner clearly states that he is attacking the legality of his guilty plea and sentence which were imposed by Judge Kosik of this district court.  When challenging the validity of a federal guilty plea and sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Russell v. Martinez</u>, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. <u>Dorsainvil</u>, 119 F.3d at 251; <u>Russell</u>, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not

inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his guilty plea and sentence which was imposed by Judge Kosik. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner admits that he previously pursued both a direct appeal and a § 2255 motion. He also indicates that his request for authorization to file a second or successive § 2255 action was denied by the Court of Appeals.

Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Boomer has also not shown that he was unable to present his pending claims in a § 2255 proceeding or that they are based upon any newly discovered evidence.

As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in

the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his present claims on direct appeal or in a § 2255 proceeding. As a result, Boomer's pending argument for relief does not fall within the <u>Dorsainvil</u> exception. <u>See</u> <u>Levan v. Sneizek</u>, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); <u>Smith v. Snyder</u>, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: November 4, 2015

6